IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL CORNELIOUS, § | |
| #80915379 § | |
|     Movant, § | |
| § | No. 3:21-cv-621-K |
| v. § | No. 3:14-cr-340-K-10 |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Michael Cornelious, a federal prisoner, filed a motion that the Court construed as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 on March 17, 2021. (Doc. 3.)  The next day, the Court gave Cornelious thirty days to withdraw his motion, or amend his motion, to include all his claims with respect to his conviction in Case Number 3:14-cr-340-K-10.  (Doc. 4.)  The time for responding passed, and Cornelious failed to respond.  On August 8, 2022, the Court gave Cornelious an additional thirty days to either withdraw his motion, or amend it, to include all his claims.  (Doc. 5.)  On August 23, 2022, the Court's August 8, 2022 Order was returned in the mail as undeliverable as addressed.  (Doc. 6.)  The Court updated Cornelious' address through the Bureau of Prisons' website and mailed the order to him again on August 25, 2022.  Thirty additional days have now passed, and Cornelious has failed to respond to the Court's August 8, 2022 Order.  In sum, Cornelious failed

to respond to two Court orders, and his case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

In this case, Cornelious failed to comply with the Court's March 18, 2021 Order and the August 8, 2022 Order directing him to either withdraw his § 2255 motion, or amend it, to include all this claims.  He failed to file any response, and this case cannot proceed. Cornelious has failed to prosecute this lawsuit, and he has failed to obey two court orders. Dismissal without prejudice is warranted under these circumstances.

For these reasons, Cornelious' § 2255 motion is DISMISSED without prejudice under Rule 41(b).

SO ORDERED.

Signed September 29th, 2022.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE